UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY R. WHITE,   Plaintiff, | ) ) ) |
| vs. | )   No. 20-3161 ) |
| COUNSELOR HALL, et. al.,   Defendants. | ) ) ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review. After filing his initial complaint, Plaintiff filed a motion for leave to file an amended complaint. [3]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [3].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, had identified seven Defendants at Graham Correctional Center including Counselor M. Hall, Warden Glen Austin, Officer Brian Williams, Nurse Josh, Nurse Doe, Dr. John Doe, and Maintenance Supervisor John Doe. The Court has reviewed both the Amended Complaint and the exhibits Plaintiff has submitted in support of his complaint. [3, 13]. Plaintiff says on July 25, 2019, Plaintiff

1

was "electrocuted by an exposed electrical wire" at the facility. (Amd. Comp., p. 3). Plaintiff was apparently in a waiting area when Defendant Brain Williams pushed a buzzer intentionally causing a metal plate on the door to shock Plaintiff. (Exh., [13], p. 26). Plaintiff says Defendant Williams was aware of the problem since he had previously injured other inmates.

When Plaintiff asked for medical attention, the officer laughed and told Plaintiff he would live. Plaintiff filed multiple grievances concerning his need for medical care which were ignored by Grievance Counselor Hall. Plaintiff suffered with burns and numbness to his arms and hands.

Plaintiff says the Warden only responded to his grievance a month later and told Plaintiff maintenance was looking into Plaintiff's allegations, but the Warden did not address Plaintiff's "need for medical care." (Amd. Comp., p. 4).

Plaintiff met Nurse Josh and an unknown African American Nurse, Jane Doe, on an unspecified day but Plaintiff claims they refused treatment after he failed to sign the medical co-payment forms.

Plaintiff also met with Dr. John Doe about a month after the incident, but the officer was rude and minimalized his injuries. The doctor told Plaintiff it happened so long ago there was nothing more he could do.

Plaintiff has also provided medical records which appear to contract his claims. For instance, there is a medical record from the day of Plaintiffs' injury on July 25, 2019. (Exh., [13], p. 9). Plaintiff's vitals were taken and observations were recorded regarding his claim that his left arm was numb. There are also a variety of other medical records

spanning from the date of his injury to May of 2020. (Exh., [13], p. 9-18, 21-26). The Court cannot determine the date of each appointment since the full date is not visible on each record. However, it is clear Plaintiff received medication, examinations, lab tests, and he was twice sent to outside specialists on August 9, 2019 and January 30, 2019. (Exh., [13], p. 9-18, 21-26). Plaintiff repeatedly attributes his medical condition to the July 25, 2019 incident, but it is not clear from the exhibits whether doctors agreed with this assessment.

Plaintiff has adequately alleged Defendant Williams violated his Eighth Amendment rights when he intentionally pushed the buzzer knowing there was a substantial risk of harm and when the Defendant then delayed medical care. However, Plaintiff has not clearly articulated any other claims.

For instance, Plaintiff claims Dr. John Doe, Nurse Jane Doe, and Nurse Josh were deliberately indifferent to his serious medical condition. Plaintiff maintains they denied him medical care but he has also provided medical records which contract this claim. Disagreement with medical professionals about appropriate treatment does not by itself state a constitutional violation. *Ciarpaglini v. Saini,* 352 F.3d 328, 331 (7th Cir.2003). An inmate "is entitled to reasonable measures to meet a substantial risk of serious harm," but he "is not entitled to demand specific care and is not entitled to the best care possible."*Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Plaintiff has not clearly articulated a claim alleging the Defendants were deliberately indifferent to a serious medical condition.

If Plaintiff believes he can clarify his medical claim, he may file a motion for leave to amend his complaint within 21 days of this order. The motion to amend must stand complete on its own, must include all claims and Defendants, and must not refer to any previous filing. If Plaintiff is alleging a Defendant was deliberately indifferent to a serious medical condition, he must provide a time frame for his visit and indicate his specific injuries. If Plaintiff was provided medical care, he should indicate why that care was constitutionally insuffient.

Plaintiff also claims Defendant Counselor Hall and Warden Austin ignored his requests for medical care. First, a grievance is not the appropriate method to obtain medical care. Second, Plaintiff has submitted medical records demonstrating he was receiving medical care. A prison official does not disregard an inmate's complaint if he knows that the medical staff was monitoring and addressing the problem. *See Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir.2006). Again, if Plaintiff can clarify this claim, he may include it in his motion for leave to amend.

Finally, the only mention of the Maintenance Supervisor is Plaintiff's claim that the Warden referred the matter to maintenance after Plaintiff was injured. Plaintiff does not allege maintenance knew about the problem prior to the incident, or refused to address it.

Plaintiff has also filed a motion asking for the Court to find an attorney to represent him. [18]. Plaintiff is advised he has no constitutional right to the appointment of counsel, and the Court cannot require an attorney to accept *pro bono* appointment in a civil case. In considering Plaintiff's motion, the Court must ask two questions: "(1) has

the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff states he has attempted to contact attorneys to represent him without success. Nonetheless, based on the current record the Court believes the Plaintiff is competent to represent himself. Plaintiff has adequately described what happened to him and Plaintiff already has affidavits to support his claim as well as medical records. Once Defendants are served, the Court will enter a Scheduling Order with information to assist the Plaintiff during discovery. Therefore, the motion is denied. [14]

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Brian Williams violated his Eighth Amendment rights when the officer intentionally pushed a buzzer knowing there was a substantial risk of harm to Plaintiff and when the officer then delayed medical care for a serious medical condition. The claims are stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed

before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing the Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel**.**

10) If Plaintiff intends to file a motion for leave to amend to clarify his medical claims, he must file a complete, proposed amended complaint in compliance with this order within 21 days.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to amend his complaint, [3]; 2) Dismiss Defendants Counselor M. Hall, Warden Glen Austin, Nurse Josh, Nurse Doe, Dr. John Doe, and Maintenance Supervisor John Doe for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Deny Plaintiff's motion for appointment of counsel, [14];  4) Attempt service on Defendant pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 13th day of November, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE